## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF DELAWARE

| | |
|---|---|
| SOLUTIONINC LIMITED, | |
| **Plaintiff** | Civil Action No. _____ |
| v. | |
| NETGEAR, INC., | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SolutionInc Limited ("SolutionInc"), through its attorneys, complains of Netgear, Inc. ("Netgear"), and alleges the following:

### PARTIES

1.      Plaintiff SolutionInc Limited is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 5692 Bloomfield StHalifax, NS B3K 1T2, Canada.

2.      Defendant Netgear, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 350 E Plumeria Dr, San Jose, CA 95134.

### JURISDICTION

3.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because it is incorporated in this District's state.

## VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is incorporated in this District's state.

## PATENT-IN-SUIT

7.      SolutionInc is the assignee of all right, title and interest in United States Patent No. 7,526,538 (the "'538 Patent"); (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, SolutionInc possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## The '538 Patent

8.      The '538 Patent is entitled "System using server to provide mobile computer accessing to a different network without reconfiguring the mobile computer," and issued 4/28/2009. The application leading to the '538 Patent was filed on 7/8/2005. A true and correct copy of the '538 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9.      The '538 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '538 PATENT

10.      SolutionInc incorporates the above paragraphs herein by reference.

11.      **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '538 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least Netgear's WLAN Solutions (among the "Exemplary Netgear Products") that infringe at least exemplary claims 1 of the '538 Patent (the "Exemplary

'538 Patent Claims") literally or by the doctrine of equivalents. On information and belief,
numerous other devices that infringe the claims of the '538 Patent have been made, used, sold,
imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also has and continues to directly infringe, literally or under the
doctrine of equivalents, the Exemplary '538 Patent Claims, by having its employees internally
test and use these Exemplary Products.

13.     The service of this Complaint upon Defendant constitutes actual knowledge of
infringement as alleged here.

14.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer
for sale, market, and/or import into the United States, products that infringe the '538 Patent. On
information and belief, Defendant has also continued to sell the Exemplary Netgear Products and
distribute product literature and website materials inducing end users and others to use its
products in the customary and intended manner that infringes the '538 Patent. Thus, on
information and belief, Defendant is contributing to and/or inducing the infringement of the '538
Patent.

15.     **Induced Infringement.** Defendant actively, knowingly, and intentionally has
been and continues to induce infringement of the '538 Patent, literally or by the doctrine of
equivalents, by selling Exemplary Netgear Products to their customers for use in end-user
products in a manner that infringes one or more claims of the '538 Patent.

16.     **Contributory Infringement.** Defendant actively, knowingly, and intentionally
has been and continues materially contribute to their own customers' infringement of the '538
Patent, literally or by the doctrine of equivalents, by selling Exemplary Netgear Products to their
customers for use in end-user products in a manner that infringes one or more claims of the '538

Patent. Moreover, the Exemplary Netgear Products are not a staple article of commerce suitable for substantial noninfringing use.

17.     Exhibit 2 includes charts comparing the Exemplary '538 Patent Claims to the Exemplary Netgear Products.  As set forth in these charts, the Exemplary Netgear Products practice the technology claimed by the '538 Patent.  Accordingly, the Exemplary Netgear Products incorporated in these charts satisfy all elements of the Exemplary '538 Patent Claims.

18.     SolutionInc therefore incorporates by reference in its allegations herein the claim charts of Exhibit 2.

19.     SolutionInc is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

20.     Under Rule 38(b) of the Federal Rules of Civil Procedure, SolutionInc respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, SolutionInc respectfully requests the following relief:

A.     A judgment that the '538 Patent is valid and enforceable;

B.     A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '538 Patent;

C.     An accounting of all damages not presented at trial;

D.     A judgment that awards SolutionInc all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patent-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284

and, if necessary, to adequately compensate SolutionInc for Defendant's infringement, an accounting:

i.   that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that SolutionInc be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

ii.  that SolutionInc be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that SolutionInc be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: December 5, 2019

*Of Counsel*:

Isaac Rabicoff
(*Pro Hac Vice admission pending*)
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

Respectfully submitted,

*/s/ George Pazuniak*
George Pazuniak (DE Bar 478)
O'KELLY & ERNST, LLC
824 N. Market St.
Suite 1001A
Wilmington, DE 19801
Tel: 302-478-4230
Email: GP@del-iplaw.com

***Counsel for Plaintiff***
***SolutionInc Limited***